1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 | SCOTT A. MICKISSACK, LISA R. MCKISSACK,

12 | Plaintiffs,

13 | vs.

14 | WELLS FARGO HOME MORTGAGE, WELLS FARGO BANK N.A., FIRST

15 | AMERICAN LOAN STAR TRUSTEE SERVICES, US BANK NATIONAL

16 | ASSOCIATION, et al.,

17 | Defendants.

CASE NO. 09-CV-1932 JLS (WMc)

**ORDER: GRANTING MOTION TO DISMISS**

(Doc. No. 9)

18

19      Presently before the Court is Defendants Wells Fargo Bank, N.A. and U.S. Bank, N.A.'s

20  motion to dismiss.[1]  (Doc. No. 9.)  Also before the Court are Plaintiff's opposition and Defendant's

21  reply.  (Doc. Nos. 13 & 14.)  Having thoughtfully considered the relevant issues, the Court **GRANTS**

22  Defendants' motion.

23                                  **BACKGROUND**

24      Plaintiffs Scott A. and Lisa R. McKissack "are the owners of a single family residence . . . and

25  were the borrowers and Trustor(s) on the promissory note . . . secured by a Deed of Trust . . . in the

26

27      [1]  Although the docket caption for this motion indicates that it was brought on behalf of

28  Defendant Wells Fargo Home Mortgage, the motion itself contains no hint of that Defendant being a party to the motion.  Therefore, the Court construes this motion as being solely on behalf of Wells Fargo Bank, N.A. and U.S. Bank, N.A. and not Wells Fargo Home Mortgage.

loan transaction . . . that is the subject of [the] complaint." (Doc. No. 10 (FAC) ¶ 2.) "On . . . January 26, 2006 Plaintiffs re-financed a single-family home . . . by borrowing $468,000 from [Defendant] WELLS FARGO BANK NA." (*Id.* ¶ 9 (capitalization in original).) The note was secured by a deed of trust. (*Id.*) Plaintiffs obtained the financing from Defendant Wells Fargo Bank N.A. and Defendant Wells Fargo Home Mortgage was allegedly the broker and the current servicing company of that loan. (*Id.* ¶¶ 10–12.) Eventually, "Plaintiffs began having difficulty paying her mortgage" and Defendant First American Loanstar Trustee Services "executed a NOTICE OF TRUSTEE'S SALE." (*Id.* ¶¶ 23–24.) On August 26, 2009, Plaintiffs' counsel sent a letter to Defendants Wells Fargo Bank, N.A. and First American Loanstar Trustee Services purporting to rescind the loan for various "violations of federal and state laws." (*Id.* ¶ 25.)

Plaintiffs filed this suit on September 3, 2009. (Doc. No. 9.) On filing, this matter was assigned to the Honorable Larry Alan Burns. On February 5, 2010, Defendants filed the present motion to dismiss. (Doc. No. 9.) On February 26, 2010, Plaintiffs filed an amended complaint. (Doc. No. 10.) Judge Burns permitted Defendants to file a notice stating whether they wished to have their motion to dismiss considered as to the sufficiency of the First Amended Complaint (FAC). (Doc. No. 11.) Defendants filed that notice on March 8, 2010, electing to have the motion applied to the FAC. (Doc. No. 12.) On March 19, 2010, Plaintiffs filed their opposition to Defendants' motion and on March 29, 2010, Defendants filed their reply. (Doc. Nos. 13 & 14.) On June 1, 2010, Judge Burns recused himself from this case and it was reassigned to the Honorable Janis L. Sammartino.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's

1  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

2  conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*,

3  550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice

4  if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949

5  (citing *Twombly*, 550 U.S. at 557).

6       "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

7  as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at

8  570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow[] the

9  court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

10  129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be

11  probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

12  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief.

13  *Id.*  (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal

14  conclusions" contained in the complaint.  *Id.*  This review requires context-specific analysis involving

15  the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted).  "[W]here the

16  well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

17  complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.*

18                                    **ANALYSIS**

19  **I.    REQUEST FOR JUDICIAL NOTICE**

20       Defendants request, pursuant to Federal Rule of Evidence 201(d), that the Court take judicial

21  notice of four documents: (1) the deed of trust, (2) the notice of default, (3) the notice of trustee's sale,

22  and (4) the trustee's deed upon sale.  (Doc. No. 9-2 (RJN), at 1–2.)  For purposes of a motion to

23  dismiss, a court "may generally consider only allegations contained in the pleadings, exhibits attached

24  to the complaint, and matters properly subject to judicial notice."  *Swartz v. KPMG LLP*, 476 F.3d

25  756, 763 (9th Cir. 2007) (citations omitted).  However, the court "may [also] consider a writing

26  referenced in a complaint but not explicitly incorporated therein if the complaint relies on the

27  document and its authenticity is unquestioned."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir.

28  2007) (citations omitted).

1    The Court finds that all four of the documents are properly subject to judicial notice. The FAC

2   repeatedly mentions the deed of trust and as such it is appropriately considered here. (*See, e.g.*,

3   Compl. ¶ 2.) As to the notice of default, the notice of trustee's sale, and trustee's deed upon sale, these

4   are all properly noticed as publicly recorded documents. Moreover, Plaintiffs do not object to the

5   Court taking notice of these documents. Therefore, Defendants' request for judicial notice is

6   **GRANTED**.

7   **II.    CONCEDED CLAIMS**

8    Plaintiffs' opposition to Defendants' motion concedes that their claims for (1) breach of the

9   covenant of good faith and fair dealing, (2) violation of the Equal Credit Opportunity Act, (3)

10   California Financial Code § 4970, (4) Fair Credit reporting act, (5) usury, and (6) negligence are not

11   viable. (Opp. at 14.) Therefore, the Court **DISMISSES WITH PREJUDICE** the third, sixth,

12   seventh, eighth, ninth, and thirteenth causes of action in the FAC.

13   **III.   INTENTIONAL MISREPRESENTATION**

14    Plaintiff's first cause of action is for intentional misrepresentation. (FAC ¶¶ 26–35.)

15   Defendants argue that this claim should be dismissed for four reasons. First, they argue that it does

16   not allege actionable intentional misrepresentations. (Memo. ISO Motion at 6–7.)  Second,

17   Defendants claim that this cause of action does not meet the requirements set forth in Federal Rule

18   of Civil Procedure 9(b). (*Id.* at 5–6.)  Third, this claim is allegedly time-barred. (*Id.* at 7.)  And

19   finally, Defendants assert that to the extent that Plaintiffs' misrepresentation claim is based on

20   violations of the Truth in Lending Act or Real Estate Settlement Procedures Act, it has been

21   affirmatively preempted by federal regulation. (Reply at 4–5.)

22    Defendants' final argument may be correct. However, the Court cannot dismiss this claim on

23   that basis at this time. The Home Owners Loan Act (HOLA), 12 U.S.C. §§ 1461, *et seq.*, "gave the

24   [Office of Thrift Supervision (OTS)] broad authority to issue regulations governing federal savings

25   associations." *Naulty v. GreenPoint Mortgage Funding, Inc.*, 2009 WL 2870620, at *3 (N.D. Cal.

26   2009). "As the principal regulator for federal savings associations, OTS promulgated a preemption

27   regulation in 12 C.F.R. § 560.2." *Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d 1001, 1005 (9th Cir.

28   2008). That regulation reads, in relevant part:

- 4 -

09cv1932

1
2
3
4

> OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section or § 560.110 of this part. For purposes of this section, "state law" includes any state statute, regulation, ruling, order or judicial decision.

5   12 C.F.R. § 560.2(a).   It may be that OTS's regulations preempt Plaintiffs' intentional

6   misrepresentation claims, but the Court need not address that issue at present because Defendants have

7   not established that they are federal savings associations entitled to the preemptive effect of this

8   regulation.  However, if it becomes necessary, and Plaintiffs' wish, they may raise this issue again in

9   the future.

10          Next, the Court finds that Plaintiffs' have not brought their claim within the limitations period.

11  Under California Code of Civil Procedure § 338(d), "An action for relief on the ground of fraud or

12  mistake.  The cause of action in that case is not deemed to have accrued until the discovery, by the

13  aggrieved party, of the facts constituting the fraud or mistake."  Since Plaintiffs have not alleged any

14  facts related to when they discovered the alleged misrepresentations,[2] the Court presumes that they

15  "ha[d] notice or information of circumstances to put a reasonable person on inquiry" at the time of

16  their loan's closing.  *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 927–28 (1988) (internal quotation marks

17  and citation omitted).  Since the loan closed on January 26, 2006, this action would have to have been

18  filed by January 26, 2009.  (FAC ¶ 9.)  It was not and as such it must be **DISMISSED**.

19          However, even assuming that the complaint was timely, the Court would still dismiss it

20  because it does not state a claim.  The elements of the tort of intentional misrepresentation are "'(1)

21  misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity

22  (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting

23  damage.'" *Alliance Mortgage Co. v. Rothwell*, 900 P.2d 601, 608 & n.4 (Cal. 1995) (quoting *Molko*

24  *v. Holy Spirit Ass'n*, 762 P.2d 46, 53 (Cal. 1988)).   When the misrepresentation at issue is a

25  concealment, the Plaintiffs must show that Defendants "suppress[ed] . . . a fact," and that they were

26  ───────────────────

27          [2] Plaintiffs' opposition to the present motion states that they were "not made aware of the material failures in disclosures, concealment and predatory nature of his loan until he hired an attorney and had a review of his mortgage accounts done." (Opp. at 7.)  However, because these claims were not included in the FAC, the Court cannot consider them here.

28

1    "bound to disclose it."  Cal. Civ. Code § 1710(3).

2         In the FAC, Plaintiffs allege that Defendants Wells Fargo Bank NA and Wells Fargo Home

3    Mortgage "failed to inform Plaintiffs of their right to rescind, along with failing to disclose numerous

4    federal safeguards in the application process."  (FAC ¶ 28.)  Defendants Wells Fargo Bank NA and

5    Wells Fargo Home Mortgage also allegedly "failed to include the Initial Goof (sic) Faith Estimate or

6    an Initial TIL within the 3 business days required."  (*Id.* ¶ 29.)

7         Since Plaintiffs make no allegations against Defendant U.S. Bank, it is not clear how they

8    could possibly be liable on this claim.  Plaintiffs' opposition sheds no light on this question, simply

9    stating that they "clearly allege[] all actions made by the original broker and lender . . . as well as flow

10   through liability to the subsequent noteholders (sic) . . . making it liable for any and all acts or

11   omissions made therein."  (Opp. at 6.)  However, Plaintiffs do not allege that Defendant U.S. Bank

12   is liable for any of the Wells Fargo Defendants' acts, nor allege facts indicating that such vicarious

13   liability would be proper, nor do they cite statutory or case law which would permit the imposition

14   of such liability.  Therefore, the Court **DISMISSES** this claim against Defendant U.S. Bank.

15        As to Defendant Wells Fargo Bank, Plaintiffs' allegations do not constitute a cognizable

16   intentional misrepresentation claim.  First, Plaintiffs have not alleged a single affirmative false

17   representation.  And Plaintiffs' statement that "WELLS FARGO produced documents that are

18   fraudulent on their face," is not supported by any explanation of which aspects of any particular

19   document were fraudulent.  (Opp. at 6.)  Next, on the issue of concealment, the allegations are also

20   inadequate.  As stated above, actionable concealment involves both the suppression of a fact and a

21   duty to disclose.  Cal. Civ. Code § 1710(3).  The allegation that Wells Fargo "fail[ed] to disclose

22   numerous federal safeguards" must be dismissed because Plaintiffs do not clarify which "federal

23   safeguards" were not disclosed nor do they suggest from where Defendant's duty to disclose arises.

24   In alleging that Defendants did not "include the Initial Goof (sic) Faith Estimate or an Initial TIL,"

25   Plaintiffs do not allege a *fact* which was not disclosed.  Although those documents might contain facts,

26   there is no indication that the relevant facts were not otherwise disclosed.

27        Finally, Plaintiffs' claim lacks the specificity required by Federal Rule of Civil Procedure 9(b).

28   In federal court, Rule 9(b) requires a plaintiff to plead with increased specificity any claims of fraud

or mistake.  Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  Intentional misrepresentation under California Law is a form of fraud and thus subject to Rule 9(b)'s strictures.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–03 (9th Cir. 2003); *Cadlo v. Owens-Illinois, Inc.*, 23 Cal. Rptr. 3d 1, 5 (Cal. Ct. App. 2004).

Under Rule 9(b), allegations must "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'  Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.  '[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'"  *Vess*, 317 F.3d at 1106 (citations omitted).

Plaintiffs' allegations fall far below this standard.  They do not offer any indication of "who" was involved with the alleged misrepresentations or omissions nor "where" these misrepresentations or omissions took place.  Their claim that these events occurred "during the application process" is also insufficiently specific to meet then "when" or "how" elements of an adequate Rule 9(b) pleading.  Further, there is no indication why the alleged omissions are "false or misleading."  At best, the FAC can be described as setting forth "the neutral facts necessary to identify the transaction."  *Id.*

Finally, the Court is unpersuaded that "[t]his Claim meets the *Vess* test."  (Opp. at 7.)  What Plaintiffs' offer to support their view is a selective reading of *Vess* which misstates the applicable standard.  The relevant holding is not just that "the averments must 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge. . . (sic)'" (*Id.* (quoting *Vess*, 317 F.3d at 1106).)  The allegations must allow the Defendant to "'defend against the charge <u>and not just deny that they have done anything wrong</u>.'" *Vess*, 317 F.3d at 1106 (emphasis added).  Satisfactory allegations "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.  '[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Id.*  This is more than a simple "short and plain statement" which "put[s] Defendants on notice of the claims against them."  (Opp. at 7.)

1    Thus, Defendants' motion is **GRANTED** as to this claim.  However, many of the deficiencies

2    set forth in this section are potentially curable with further pleading.  Therefore, the first cause of

3    action is **DISMISSED WITHOUT PREJUDICE**.

4    **IV.    BREACH OF FIDUCIARY DUTY**

5    Plaintiffs' second cause of action asserts that Defendants breached their fiduciary duty to

6    Plaintiffs. (FAC ¶¶ 36–43.)  The alleged breach of fiduciary duty pled by Plaintiffs is that Defendants

7    Wells Fargo Bank "and/or" Wells Fargo Home Mortgage placed "Plaintiffs into a loan it (sic) knew

8    they could not afford."  (FAC ¶ 37.)  Similarly, they "intentionally failed to verify Plaintiff's (sic)

9    income and failed to provide all relevant and material disclosures, causing Plaintiffs to be unable to

10   pay her (sic) mortgage and ultimately be in the position of being evicted from her (sic) home." (*Id.*

11   ¶ 38.)  Further they placed Plaintiffs this loan "without regard for other loans that may have suited

12   [them] better," and "knowing that [the loan] did not provide Plaintiffs with any benefit and increased

13   their monthly mortgage payments."  (*Id.* ¶¶ 39–40.)

14   A claim for breach of fiduciary duty requires Plaintiffs to "show 'the existence of a fiduciary

15   relationship, its breach, and damage proximately caused by that breach.'"  *Roberts v. Lomanto*, 112

16   Cal. App. 4th 1553, 1562 (2003) (quoting *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991)).  The

17   statute of limitations for a breach of fiduciary duty claim is four years.  Cal. Code Civ. Proc. § 343.

18   Defendants argue that they cannot be liable on this claim because they do not owe any

19   fiduciary duties to the Plaintiffs.  (Memo. ISO Motion at 7–8.)  The Court agrees.  With respect to

20   Defendant U.S. Bank, Plaintiffs make no allegations on this claim.[3]  Nor can the Court glean how U.S.

21   Bank might be liable for the acts detailed in this cause of action.  Thus, it is **DISMISSED** as to

22   Defendant U.S. Bank.

23   As to Defendant Wells Fargo Bank, N.A., the Court must agree with Defendants.  As they

24   observe, "[i]t is well-established (sic) . . . that there is no fiduciary relationship between a bank and

25   its loan customers."  (*Id.* at 7.)  California courts have repeatedly so held, stating that "[t]he

26   relationship between a lending and its borrower client is not fiduciary in nature."  *Nymark v. Heart*

27

28          [3]  The Court presumes that Plaintiffs allege this claim against Defendant U.S. Bank because
     the claim states generically that it is "against Defendants."  (FAC at 8.)

1   *Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (1991) (citing *Price v. Wells Fargo Bank*,

2   213 Cal. App. 3d 465, 476–78 (1989)).

3          The FAC clearly alleges that Defendant Wells Fargo Bank, N.A. was the lender in this

4   transaction.  (*See, e.g.*, FAC ¶¶ 9, 10.) As such, it does not owe Plaintiffs a fiduciary duty and cannot

5   be liable on a breach of fiduciary duty claim.

6          Plaintiffs argue that "WELLS FARGO acted not only as the origination lender but also as the

7   Mortgage Broker for Plaintiffs' home mortgage loan."  (Opp. at 8 (capitalization in original).)

8   However, this blurs the distinction between defendants named in this action.  Plaintiffs clearly allege

9   that "Defendant WELLS FARGO HOME MORTGAGE was the broker on [their] loan."[4] (FAC ¶ 11.)

10  They make no such allegation, however, as to Defendant Wells Fargo Bank.  Nor are there any facts

11  alleged that show Defendant Wells Fargo Bank acting in a broker's capacity.  Similarly, the Court

12  cannot simply impute allegations from one corporate Defendant to a separate corporate Defendant just

13  because they have similar names.  As such, Plaintiffs' arguments fail.

14         In light of this, Defendants' motion to dismiss is **GRANTED** and the second cause of action

15  is **DISMISSED WITHOUT PREJUDICE** as to the moving Defendants.

16  **V.    DECLARATORY RELIEF**

17         The fourth claim in the FAC requests declaratory relief against all Defendants.  (FAC ¶¶

18  49–50.) Plaintiffs, however, do not explain exactly what they desire to be declared beyond "the rights

19  of the parties."  (*Id.* ¶ 50.)

20         Under California law, Code of Civil Procedure section 1060, a "person interested under a

21  written instrument" may bring an action for "a declaration of rights or duties, either alone or with

22  other relief; and the court may make a binding declaration of these rights or duties, whether or not

23  further relief is or could be claimed at the time."  Section 1061 give the court the discretion to "refuse

24  to exercise the power granted by this chapter in any case where its declaration or determination is not

25  necessary or proper at the time under all the circumstances."  In exercising this discretion, the Court

26  must keep in mind that "an action in declaratory relief will not lie to determine an issue which can be

27

28          [4]   Whether this is an allegation of fact that the Court must take to be true on a motion to
      dismiss or a legal conclusion entitled to no deference need not be decided at this time because
      Defendant Wells Fargo Home Mortgage is not a party to this motion.

determined in the underlying tort action." *Cal. Ins. Guar Ass'n v. Superior Court*, 231 Cal. App. 3d 1617, 1623 (1991). "The declaratory relief statute should not be used for the purpose of anticipating and determining an issue which can be determined in the main action. The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues." *Gen. of Am. Ins. Co. v. Lilly*, 258 Cal. App. 2d 465, 470 (1968). "The availability of another form of relief that is adequate will usually justify refusal to grant declaratory relief." *Gerard v. Miller*, 29 Cal. App. 2d 266, 277 (1963).

Defendants argue that declaratory relief is unnecessary as this claim "is nothing more than a reassertion of their other claims." (Memo. ISO Motion at 9.) Plaintiffs counter by claiming that they "do not seek to extinguish the mortgage obligation through the claim for declaratory relief." (Opp. at 8.) "FIRST AMERICAN and US BANK claim the right to foreclose; Plaintiffs deny that FIRST AMERICAN had this right. Such is the substance upon which Declaratory Relief claims are based." (*Id.* (capitalization in original).)

The Court agrees with Defendants that this claim must be **DISMISSED**. It is clear from the text of the claim that it is based upon the other violations alleged in the FAC. (FAC ¶ 50.) Plaintiffs only seek a determination of whether Defendants First American and U.S. Bank have the right to foreclose. However, the basis of their denial that Defendants had this right appears to be based on the other violations alleged in the FAC. Since the right to foreclose will be adequately addressed by the merits resolution of Plaintiffs' other claims, the Court, in its discretion, declines to consider this claim. It therefore **GRANTS** Defendants' motion to dismiss and **DISMISSES WITH PREJUDICE** the declaratory judgment claim.

## VI.    QUIET TITLE

The fifth cause of action seeks to quiet the title on Plaintiffs' property. (FAC ¶¶ 51–54.) They state that they "are the owners in fee of title to" the property at issue in this case. (*Id.* ¶ 52.) They also state that Defendants First American Loanstar Trustee Services and U.S. Bank "claim and assert interests in the above-described real property which are adverse to Plaintiffs." (*Id.* ¶ 53.) Finally, Plaintiffs claim that the "deeds of trust are invalid and void . . . because Plaintiffs are entitled to offsets against the promissory notes . . . greater in amount than the sum that would otherwise be due under

1 the promissory notes, and/or Plaintiffs are entitled to rescission of the promissory notes and deeds of

2 trust." (*Id.* ¶ 54.)

3       California Code of Civil Procedure sections 760.010, *et seq.*, govern actions to quiet title. A

4 plaintiff may bring such an action "to establish title against adverse claims to real or personal property

5 or any interest therein." Cal. Code. Civ. P. § 760.020(a). The Code defines a "'Claim' [as]

6 includ[ing] a legal or equitable right, title, estate, lien, or interest in property or cloud upon title." *Id.*

7 § 760.010(a). A complaint alleging such a claim must be verified and include (1) a description of the

8 property; (2) the basis for plaintiff's title; (3) the adverse claim or claims to title; (4) the date as of

9 which the determination is sought; and (5) a prayer for determination of plaintiff's title against the

10 adverse claims. *Id.* § 761.020.

11       Plaintiffs claim fails for two main reasons. First, the FAC is not verified as required under

12 section 761.020. Second, Plaintiff has not alleged her ability to tender her indebtedness. California

13 court have clearly held that a plaintiff cannot quiet title in his property "without discharging his

14 mortgage debt. The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci*, 114 Cal.

15 Rptr. 91, 92 (Cal. Ct. App. 1974) (citing *Burns v. Hiatt*, 87 P. 196, 197 (Cal. 1906)); *see also Distor*

16 *v. US Bank NA*, 2009 WL 3429700, at *6 (N.D. Cal. 2009) ("[P]laintifff has no basis to quiet title

17 without first discharging her debt.").

18       Plaintiffs argue that they "cannot be required to tender payment on an obligation that does not

19 exist" and that the "Quiet Title claim is needed to determine if such an obligation exists." (Opp. at

20 9.) This argument, however, puts the cart before the horse. At this time, there has been no judicial

21 determination of invalidity with respect to Plaintiffs' loan. If Plaintiffs wish to bring a quiet title claim

22 prior to a finding with regard to their loan obligations, they must <u>at least</u> allege that they can tender

23 their mortgage indebtedness. *See Aguilar*, 114 Cal. Rptr. at 92.

24       Given these deficits in the quiet title claim, Defendants' motion to dismiss is **GRANTED** and

25 this claim is **DISMISSED WITHOUT PREJUDICE**.

26 //

27 //

28 //

## VII.  ACCOUNTING

In its tenth claim, the FAC seeks an accounting.  (FAC ¶¶ 80–81.)  That cause of action realleges all prior paragraphs and states that "[t]he amount of money due, if any, from Plaintiffs to Defendants is unknown to Plaintiffs and cannot be determined without an accounting."  (*Id.*)

"An action for an accounting . . . is a proceeding in equity for the purpose of obtaining a judicial settlement of the accounts of the parties in which proceeding the court will adjudicate the amount due, administer full relief and render complete justice."  *Verdier v. Superior Court*, 88 Cal. App. 2d 527, 530 (1948).  "An accounting cause of action is equitable in nature, and may be sought 'where . . . the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable.'"  *Civic W. Corp. v. Zilla Indus. Inc.*, 135 Cal. Rptr. 915, 923 (Cal. Ct. App. 1977).  The party seeking an accounting must be a "wronged fiduciary."  *See Glue-Fold, Inc. v. Slautterback Corp.*, 98 Cal Rptr. 2d 611, 663 n.3 (Cal. Ct. App. 2000).  "'A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law.  An accounting will not be accorded with respect to a sum that a plaintiff seeks to recover and alleges in his complaint to be a sum certain.'"  *Id.* (citation omitted).

The Court finds that this claim's numerous flaws require dismissal.  First, Plaintiffs have not opposed the dismissal of this claim.  The issue of accounting is only mentioned once in the opposition brief, the section heading "Plaintiff's (sic) Claim for RESPA Violations and Accounting are Proper."  (*See* Opp. at 10.)  This is not an opposition since it contains no substantive argument.

Second, Plaintiffs have not shown a fiduciary relationship between themselves and the moving Defendants.  As discussed *supra*, there is no fiduciary duty between a borrower and a lender.  *Nymark*, 231 Cal. App. 3d at 1093 n.1.  Moreover, there is no basis for concluding that Defendant U.S. Bank owes Plaintiffs a fiduciary duty.  In the absence of such an obligation, an accounting is improper.

Finally, there is no indication in this case that the an accounting is necessary.  The loan at issue is not "so complicated that an ordinary legal action demanding a fixed sum is impracticable."  *Civic W.*, 135 Cal. Rptr. 2d at 663 n.3.  Moreover, this is not the type of claim where an accounting is awarded.  "Ordinarily, [to obtain an accounting] a plaintiff must . . . refer to a sum <u>owed to</u> her <u>by</u> the defendant."  *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal.

1   2009) (emphasis added).  Plaintiffs' present exactly the opposite scenario as they owe money to

2   Defendants.

3       For these reasons, Defendants' motion is **GRANTED** as to the accounting claim.  This claim

4   is hereby **DISMISSED WITHOUT PREJUDICE** as to the moving Defendants.

5   **VIII.    TRUTH IN LENDING ACT AND HOME OWNERSHIP AND EQUITY PROTECT ACT**

6       Plaintiffs' eleventh claim for relief asserts violations of the Truth in Lending Act (TILA) and

7   the Home Ownership and Equity Protection Act (HOEPA).  (FAC ¶¶ 82–94.)  The allege that

8   "defendants violated the requirements of HOEPA and Regulation Z by failing to make required

9   disclosure" by filing to provide certain notices, failing to accurately disclose certain loan terms, and

10  failing to make certain disclosures.  (FAC ¶ 90.)

11      First, Defendants argue that "Plaintiffs . . . have failed to allege sufficient facts to demonstrate

12  HOEPA's applicability to [their] loan." (Memo. ISO Motion at 15.)  Next, they argue that "Plaintiffs'

13  eleventh cause of action is time-barred." (*Id.*)  Lastly, Defendants argue that "Plaintiffs are not

14  entitled to rescission" because the foreclosure sale has already occurred and Plaintiffs have not alleged

15  tender.  (*Id.* at 15–16.)

16      Having considered these arguments, the Court finds that the motion to dismiss must be

17  **GRANTED** as to this claim.  The Court agrees that the FAC does not allege sufficient facts to make

18  plausible the conclusion that their loan is covered by HOEPA.  The FAC generally lists the statutory

19  elements for a loan to be covered under HOEPA and then assumes that Plaintiffs' loan qualifies under

20  those elements.  (*See* FAC ¶¶ 86 & 90.)  This is inadequate to survive a motion to dismiss.  To be

21  plausible, the FAC would need to state the specific attributes of the loan which bring it within

22  HOEPA's coverage. Since these facts are absent, the claim must be dismissed.

23      The Court also finds that, as pled, this claim is time barred.  TILA applies a one year statute

24  of limitations to damages claims and a three year limitations period for the right to rescind.  15 U.S.C.

25  §§ 1635(f), 1640(e).  Plaintiffs' loan closed on January 26, 2006, more than three years before the

26  commencement this action.  As such this claim would generally be barred.

27      Plaintiffs, however, argue that TILA claims are subject to equitable tolling and that the Court

28  should allow this claim to proceed.  They reason that the violations were discovered when "they hired

1  an attorney . . . within the last year." (Opp. at 11.)  Moreover, this is allegedly a matter of intentional

2  concealment, making application of the statute of limitations inequitable.  (*Id.*)

3       With respect to their damages claim, Plaintiffs are correct that equitable tolling may be

4  available.  *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  However, they are incorrect about

5  their entitlement to tolling.

6       Generally, the limitations period on a TILA claim begins to run from the date the loan

7  transaction is consummated.  *Id.*  But the limitations period may be suspended "until the borrower

8  discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis

9  of the TILA action."  *Id.*  This should only be applied, however, "if the general rule would be unjust

10 or frustrate the purpose of the Act."  *Id.*  The one instance of such a situation cited by the Ninth Circuit

11 is where "fraudulent concealment which by [its] very nature, if true, serve[s] to make compliance with

12 the limitation period imposed by Congress an impossibility."  *Id.* (quoting *Jones v. TransOhio Sav.*

13 *Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984)).

14      In this case, Plaintiffs have suggested no reason to toll the statute of limitations.  This is not

15 a statute of actual discovery and the Ninth Circuit has explicitly rejected the "continuing violation"

16 theory as "unrealistically open-ended." *Id.* at 914.  In this case, the alleged deficiencies appear to have

17 been plain from the face of their mortgage documents.  Moreover, there is no indication that

18 Defendants' acts made Plaintiffs' compliance with the limitations period an impossibility.  However,

19 given Plaintiffs' sparse pleading it is possible that they could justify tolling with further amendment.

20      As to the claim for rescission under TILA, equitable tolling is not available.  The Ninth Circuit

21 has described the three-year limitation on rescission actions as being "absolute."  *Id.* at 913.  Given

22 that this loan originated more than three years ago, it falls outside the limitations period.  Therefore,

23 this aspect of the TILA and HOEPA claim must be **DISMISSED WITH PREJUDICE**.

24      Thus, Defendants' motion to dismiss this claim is **GRANTED**.  The claim is **DISMISSED**

25 **WITH PREJUDICE** as to the issue of rescission and the remainder **DISMISSED WITHOUT**

26 **PREJUDICE**.

27 //

28 //

1    **IX.    REAL ESTATE SETTLEMENT PROCEDURES ACT**

2         The twelfth cause of action makes allegations regarding the Real Estate Settlement Procedures

3    Act (RESPA).  (FAC ¶¶ 95–102.)  It claims that Defendants Wells Fargo Bank N.A. and Wells Fargo

4    Home Mortgage failed to provide (1) an Initial Good Faith Estimate, (2) a Final Good Faith Estimate,

5    (3) a Notice of Assignment, Sale or Transfer of Servicing Rights; and (4) an Escrow Account

6    Disclosure.  (*Id.* ¶ 99.)  Plaintiffs also allege that Defendants provided a kickback and engaged in fee

7    splitting in violation of 12 U.S.C. § 2607.  (*Id.* ¶ 100.)  Finally they claim that Defendants "violated

8    the requirements of RESPA, 12 U.S.C.A. § 2608 by . . . requiring . . . as a condition to selling the

9    property, that title insurance covering the property be purchased by the buyer from [a] particular title

10   company."[5]  (*Id.* ¶ 101.)

11        Defendants argue that Plaintiffs' claims fail for several reasons.  First, they claim that the

12   section 2607 claim is time barred.  (Memo. ISO Motion at 17.)  Next, they argue that there is no

13   private right of action for disclosure violations.  (*Id.*)  Finally, Defendants claim that "Plaintiffs' other

14   RESPA allegations are merely 'legal conclusions . . . cast in the form of factual allegations.'" (*Id.*

15   (quoting *W. Mining Counsel v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).)

16        Defendants acknowledge that "there is no private right of action under RESPA for disclosure

17   violations." (Opp. at 10.)  Therefore, the Court **DISMISSES WITH PREJUDICE** all of Plaintiffs'

18   RESPA claims for disclosure violations.

19        As for section 2607, any claim pursuant to that section must be brought within one year "from

20   the date of the occurrence of the violation." 12 U.S.C. § 2614.  Courts considering this issue have

21   determined that the "occurrence of the violation" is the date on which the loan closed.  *See, e.g.*,

22   *Jensen v. Quality Loan Serv. Corp.*, — F. Supp. 2d —, 2010 WL 1136005, at *10 (E.D. Cal. 2010);

23   *Ayala v. World Sav. Bank., FSB*, 616 F. Supp. 2d 1007, 1020 (C.D. Cal. 2009); *Bloom v. Martin*, 865

24   F. Supp. 1377, 1386–87 (N.D. Cal. 1994).

25        There is no question that Plaintiffs filed this action well outside the one year statute of

26   limitations for section 2607.  They argue, however, that this is irrelevant because they "were not made

27   _____

28        [5] Plaintiffs' opposition brief suggests that they are also bringing a claim under 12 U.S.C. §
     2605.  (Opp. at 10.)  However, the FAC makes no mention of this claim.  It is therefore not addressed
     in this Order.

aware of the material disclosures in connection with the loan until within the last year." (Opp. at 12.) They also "claim that equitable tolling of civil damages claims under RESPA is appropriate because before the loan audit was completed they did not have a reasonable opportunity to discover the nondisclosures and other violations." (*Id.*)

The Court disagrees. First, the statute of limitations runs from the date the loan closed, not the date of discovery. Second, none of the facts pled indicate that equitable tolling is proper. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). Plaintiffs do not plead facts showing either their inability to obtain vital information bearing on their claim or their due diligence in attempting to acquire such information. Even if Plaintiffs believe such an outcome is unfair, "[f]airness, without more, is not sufficient justification to invoke equitable tolling." *Garcia v. Brockway*, 526 F.3d 456, 466 (9th Cir. 2008). Given the Plaintiffs' pleading deficits, the Court cannot conclude that they are entitled to equitable tolling on this claim.

Finally, the Court finds that Plaintiffs' section 2608 claim is inadequately pled. As Defendants point out, this allegation contains nothing more than the statutory text. (*Compare* FAC ¶ 101 *with* 12 U.S.C. § 2608(a).) Thus, given this "formulaic recitation of the elements," their right to recovery is highly implausible. *Twombly*, 550 U.S. at 555.

As such, the Court **GRANTS** the motion to dismiss as to the twelfth cause of action. Plaintiffs' allegations regarding disclosure violations are **DISMISSED WITH PREJUDICE** and the remainder of the claim is **DISMISSED WITHOUT PREJUDICE**.

## X.   SLANDER OF TITLE

Plaintiffs' fourteenth claim alleges slander of title. (FAC ¶¶ 109–13.) Defendants argue that these allegations do not state a claim. (Memo. ISO Motion at 18.) The Court agrees. Plaintiffs' opposition lists numerous allegations which are entirely absent from the FAC. (*See* Opp. at 13.) As such, Plaintiffs' motion to dismiss is **GRANTED** and this claim is **DISMISSED WITHOUT PREJUDICE**.[6]

---

[6] Although Defendants may be correct that their conduct is privileged, the Court cannot so find based on the allegations in the FAC.

## XI.   CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200

Plaintiffs' fifteenth, and final, claim alleges violations of California Business and Professions Code § 17200.  (FAC ¶¶ 114–17.)  Their allegations are again quite general, stating that "by reason of Defendants' fraudulent, deceptive, unfair and other wrongful conduct as herein alleged, said Defendants have violated California Business and Professions Code § 17200 et seq. by consummating an unlawful, unfair and fraudulent business practice, designed to deprive Plaintiffs of their equity in said property."  (FAC ¶ 116.)

"California's unfair competition statute prohibits any unfair competition, which means 'any unlawful, unfair or fraudulent business act or practice.'"  *In re Pomona Valley Med. Group, Inc.*, 476 F.3d 665, 674 (9th Cir. 2007) (citing Cal. Bus. & Prof. Code §§ 17200, et seq.).  To state a claim, the plaintiff must allege that the Defendant's acts were unlawful, unfair or fraudulent.  *Id.*

"The 'unlawful' practices prohibited by . . . section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made."  *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 881 (1999) (citations omitted).  The unlawful prong "borrows" violations of other laws and makes them independently actionable.  *See id.*; *see also Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 938 (2003).  Given that the Court has already dismissed all of Plaintiffs' claims against the moving Defendants, there is no basis for an "unlawful" claim.

The California Supreme Court held, in *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999), that conduct is "unfair" between business competitors if it is "tethered" to a violation of an underlying law.  *Cel-Tech*, 20 Cal. 4th at 186–87.  Although not explicitly held in *Cel-Tech*, the Court finds that the "tether" test also applies to consumer allegations.  *See Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 854 (2002); *Scripps Clinic*, 108 Cal. App. 4th at 938 (same); *but see Smith v. State Farm Mutual Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718–19 (2001) (applying a balancing test).  However, Plaintiffs have not "tethered" their claim to any underlying law beyond the FAC's other allegations.  Thus, the allegations of unfair behavior in the FAC must be dismissed along with Plaintiffs' other claims.

Finally, a fraudulent  prong claim requires the Plaintiffs "to show that 'members of the public

1    are likely to be deceived.'   Allegations of actual deception[ and] reasonable reliance . . . are

2    unnecessary." *Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 673 P.2d 660, 668 (Cal.

3    1983). However, the allegations of the FAC do not meet this standard. Plaintiffs do not indicate what

4    Defendants did that was "likely to . . . deceive[]" the public or why the public would be deceived by

5    Defendants' behavior. *Comm. on Children's Television*, 673 P.2d at 668.

6           Since this cause of action does not state a claim under section 17200, the motion to dismiss

7    is **GRANTED** and this claim is **DISMISSED WITHOUT PREJUDICE**.

8                                              **CONCLUSION**

9           For the reasons stated, Defendants' motion to dismiss is **GRANTED**. The third, fourth, sixth,

10   seventh, eighth, ninth, and thirteenth causes of action are **DISMISSED WITH PREJUDICE**. The

11   eleventh cause of action is **DISMISSED WITH PREJUDICE** as to the request for rescission and

12   **DISMISSED WITHOUT PREJUDICE** as to the request for damages. The twelfth cause of action's

13   claims under RESPA for disclosure violations are **DISMISSED WITH PREJUDICE**, and the

14   remainder of that cause of action is **DISMISSED WITHOUT PREJUDICE**. Finally,  the first,

15   second, fifth, tenth, fourteenth, and fifteenth causes of action are **DISMISSED WITHOUT**

16   **PREJUDICE**. The Court also finds that amendment would not necessarily be futile and therefore

17   grants Plaintiffs **LEAVE TO AMEND**. Any amended complaint **SHALL BE FILED** within twenty-

18   one days of the date this Order is electronically docketed.

19          IT IS SO ORDERED.

20

21   DATED:  July 12, 2010

22                                              *Janis L. Sammartino*
                                                Honorable Janis L. Sammartino
23                                              United States District Judge

24

25

26

27

28